1  David R. Markham (SBN 071814)
   *dmarkham@markham-law.com*
2  Maggie Realin (SBN 263639)
   *mrealin@markham-law.com*
3  Lisa Brevard (SBN 323391)
   *lbrevard@markham-law.com*
4  **THE MARKHAM LAW FIRM**
   750 B Street, Suite 1950
5  San Diego, CA 92101
   Tel.: 619.399.3995; Fax: 619.615.2067
6
7  Walter Haines (SBN 071075)
   *walterhaines@yahoo.com*
8  **UNITED EMPLOYEES LAW GROUP**
   5500 Bolsa Avenue, Suite 201
9  Huntington Beach, CA 92649
   Tel.: 888.474.7242; Fax: 562.256.1006
10
   Attorneys for Plaintiff on behalf of himself and all others similarly situated
11
12            **UNITED STATES DISTRICT COURT**
              **SOUTHERN DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| 14 JOSH FUHR, an individual, on behalf of himself and all others similarly situated | **CASE NO.:** '19 CV 2418 LAB WVG |
| 15 | **CLASS ACTION** |
| 16 Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| 17 v. | 1) **FAILURE TO PROVIDE MEAL PERIODS;** |
| 18 SPRINT/UNITED MANAGEMENT COMPANY, a Kansas Corporation; | 2) **FAILURE TO PROVIDE REST PERIODS;** |
| 19 | 3) **FAILURE TO PAY MINIMUM/REGULAR WAGES;** |
| 20 Defendant. | 4) **FAILURE TO PAY OVERTIME WAGES;** |
| 21 | 5) **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;** |
| 22 | 6) **FAILURE TO PAY ALL WAGES DUE UPON TERMINATION;** |
| 23 | 7) **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), BUS. & PROF. CODE § 17200 *et seq.*** |
| 24 | |
| 25 | |
| 26 | **DEMAND FOR JURY TRIAL** |
| 27 | |
| 28 | |

*Fuhr v. Sprint/United Management Company*  CLASS ACTION COMPLAINT

Plaintiff JOSH FUHR ("Plaintiff"), by and through his attorneys of record, brings this Class Action Complaint against Defendant SPRINT/UNITED MAGAGEMENT CO. a Kansas Corporation ("SPRINT" or "Defendant"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## NATURE OF THE ACTION

1.    This is a class action for wage and labor violations arising out of Defendant's failure to pay wages for all time worked and failure to provide timely and uninterrupted meal and rest periods.

2.    As more fully set forth below, Defendant failed to provide timely and uninterrupted meal and rest periods to its California non–exempt managers in violation of California Labor Code §§ 512 and 226.7, and the applicable Industrial Wage Order; failed to pay its employees one hour of pay at the regular rate of compensation for each instance that Defendant failed to provide statutorily mandated rest periods and timely off–duty meal periods; failed to pay its employees straight time wages for off–the–clock work performed; failed to pay them overtime for work in excess of eight hours a day or 40 hours a week, failed to furnish timely and accurate wage statements; failed to pay all wages due upon termination; and, is in violation of California's Unfair Competition Law ("UCL").

3.    Plaintiff seeks to represent and prosecute claims against Defendant in class action proceedings on behalf of all those similarly situated who are or were residents of the State of California.

## JURISDICTION AND VENUE

4.    This Court has diversity jurisdiction over this action, under 28 U.S.C. § 1332. Plaintiff is domiciled in San Diego, California. Defendant is headquartered and has their principal place of business in Kansas, and is also incorporated in Kansas.  Defendant has places of business in California, including in this judicial district, and has employed

*Fuhr v. Sprint/United Management Company*    CLASS ACTION COMPLAINT

Plaintiff and class members in this judicial district.

5.     In addition, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. (28 U.S.C. § 1332(d).)

6.     This case meets each of the CAFA requirements because (1) Plaintiff alleges on information and belief there are at least 100 class members in California, (2) there is diversity between at least one class member and the named Defendant; and (3) Plaintiff alleges and believes the aggregate claims for wages and penalties exceed the jurisdictional $5,000,000.00 amount. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper because upon information and belief, Defendant conducts substantial business within the Southern District of California and Plaintiff was employed within this District.

## **PARTIES**

8.     Plaintiff JOSH FUHR is currently a resident of San Diego, California. Plaintiff was employed by Defendant as a non-exempt, hourly-paid store manager ("MGR RET STORE (C)") in Spring Valley, California from approximately August, 2017 to December, 2017.

9.     Plaintiff is informed and believes, and on that basis alleges that SPRINT is a Kansas Corporation with a principal place of business at 6200 Sprint Pkwy, Overland Park, Kansas 66251-6117.

10.     Plaintiff is informed and believes, and on that basis, alleges that SPRINT is, and at all relevant times was, a Kansas corporation authorized to do business in

California.

11.     At all relevant times, Defendant was doing business in numerous counties throughout California, including San Diego County.  Defendant is in the business of selling mobile telephone devices, accessories and services at its retail stores, and operates numerous offices and facilities throughout California including within San Diego County.

12.     Plaintiff is informed and believes, and on that basis, alleges Defendant is and was an employer as defined in and subject to the California Labor Code and the Industrial Welfare Commission Wage Orders.

**FACTS**

13.     Between August, 2017 and December, 2017, Plaintiff was employed by Defendant as a non-exempt, hourly-paid store manager ("MGR RET STORE (C)") in Spring Valley, California.

14.     In his role as a non-exempt, hourly-paid store manager, Plaintiff's duties included running the store, meeting sales goals and quotas, handling inventory, attending conference calls and meetings with other stores and managers, traveling to other stores, among other duties related to hiring and training employees, staffing and scheduling employee work hours.  Plaintiff's hourly rate as of December 8, 2017 was approximately $21.42.

15.     During the relevant time period, Defendant failed to provide Plaintiff and other class members with timely and off–duty meal periods, in violation of California law.  Defendant did not advise Plaintiff and class members that meal breaks must be provided by the end of the fifth hour of work; instead the instruction from the Defendant was that meal breaks were to be taken by Plaintiff and class members by the end of the sixth hour of work.  Further, it was difficult to predict customer flow and staff employees accordingly, which prevented Plaintiff from taking uninterrupted meal breaks. Even if Plaintiff clocked out for a meal break, his meal breaks were interruptible as he had to always be available to assist customers if they arrived during his meal break.

16.     The press of business and duties imposed on Plaintiff and class members by

the Defendant prevented them from taking timely and uninterrupted meal breaks as prescribed by the California law.  Plaintiff and other class members were not paid meal period premiums for each day an uninterrupted and timely meal break was not provided. This unlawful practice occurred systematically and was always done with the full knowledge and consent of the Defendant.

17.    Further, Defendant required Plaintiff and class members to attend work meetings and/or participate in telephone conferences outside of the scheduled work hours, and/or during meal and rest breaks, and were not paid for this time.  Thus, Plaintiff and class members worked off-the-clock with the knowledge and/or acquiescence of the Defendant.

18.    Additionally, Defendant's policies and practices regarding work conditions and expectations for its non–exempt employees caused Plaintiff and other class members to miss one or more rest breaks, and/or receive late or short rest breaks. It was difficult to predict customer flow and staff employees accordingly, which prevented Plaintiff from taking uninterrupted rest breaks. Thus, Defendant did not relieve Plaintiff or other class members from their duties. This unlawful practice occurred systematically and was always done with the full knowledge and consent of the Defendant.

19.    Upon information and belief, the above–mentioned unlawful employment practices by Defendant were applied the same to all non-exempt, hourly-paid store managers throughout Sprint's stores in California.

20.    Defendant's conduct, as alleged here, caused Plaintiff and other class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the class for failing to pay meal and rest break premiums, failing to pay all straight–time and overtime wages owed for each pay period, failing to provide timely and accurate wage statements, and failing to pay all wages due upon termination, which are violations of California's unfair competition law.

21.    Plaintiff is member of, and seeks to be representatives for, the class of similarly situated employees who all have been exposed to, have suffered, and/or were

permitted to work under Defendant's unlawful employment practices as alleged in this complaint.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

22.    Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, and as members of the Class they seek to represent. The class period is from four years prior to the filing of the Complaint in this action until the trial of this action ("Class Period"). The Class is defined as:

> *All current and former non–exempt, hourly-paid store managers (level "C") employed by Defendant in California during the Class Period.*

23.    Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in Subclasses of the Plaintiff's Class, defined as:

### a.  Meal Period Subclass

All current and former non–exempt, hourly-paid store managers (level "C") employed by Defendant in California during the Class Period, who worked at least one shift longer than five hours in a workday.

### b.  Rest Period Subclass

All current and former non–exempt, hourly-paid store managers (level "C") employed by Defendant in California during the Class Period, who worked at least one shift longer than three and a half hours in a workday.

### c.  Regular/Minimum Wage Subclass

All current and former non–exempt, hourly-paid store managers (level "C") employed by Defendant in California during the Class Period, who worked at least one shift less than eight hours in a workday and/or worked less than 40 hours during the workweek.

### d.  Overtime Subclass

All current and former non–exempt, hourly-paid store managers (level "C") employed by Defendant in California during the Class Period, who worked at least

one shift longer than eight hours in a workday and/or worked more than 40 hours during the workweek.

### e.  Itemized Wage Statement Subclass

All current and former non–exempt, hourly-paid store managers (level "C") employed by Defendant in California during the Class Period who received at least one wage statement from Defendant within the statute of limitations period applicable to claims under Section 226 of the California Labor Code.

### f.  Waiting Time Penalties Subclass

All members of the Class and Subclasses (a) through (d) who separated employment with the Defendant within the statute of limitations period applicable to claims under Section 203 of the California Labor Code.

### g.  UCL Subclass

All current and former non–exempt, hourly-paid store managers (level "C") employed by Defendant in California during the Class Period, regarding whom Defendant have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by Business & Professions Code § 17200 *et. seq.* as specifically described herein.

24.    Plaintiff reserves the right to amend or otherwise alter the class definition, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

25.    **<u>Numerosity/Impracticability of Joinder</u>**: The members of the Class are so numerous that individual joinder is impracticable. The members of the class are so numerous that joinder of all members would be unfeasible and impracticable. Plaintiff estimates, on information and belief, that there are hundreds of current and former non–exempt, hourly-paid store manager employees of Defendant employed, or formerly employed, at Defendant's stores in California during the Class Period. The identity of individuals qualifying for class membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendant in the normal course of

business. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

26. **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual class members such that a class action is superior to other forms of action. The claims of the named Plaintiff are typical of those of every other member of the Plaintiff Class. All Class Members were treated in a similar fashion and suffered similar harm as a consequence of Defendant's conduct, as alleged. Common legal and factual questions include, but are not limited to:

a. Whether Defendant had a policy or practice of not paying meal or rest period premium wages;

b. Whether Defendant violated Labor Code § 226.7 and/or § 512 and engaged in a pattern or practice of failing to provide timely, off–duty meal periods to Plaintiff and class members;

c. Whether Defendant engaged in a pattern or practice of impeding Plaintiff and the members of the class from taking statutory off–duty meal periods on a timely basis;

d. Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiff and the members of the class for missed, untimely or on–duty meal periods as required by California law;

e. Whether Defendant violated Labor Code §510,  and the applicable California Industrial Welfare Commission Order by failing to pay Plaintiff and class members regular and overtime wages.

f. Whether Defendant violated the applicable California Industrial Welfare Commission Order by failing to provide Plaintiff and the members of the class with timely off–duty meal periods;

g. Whether Defendant engaged in unfair practices and violated California Business and Professions Code § 17200 by failing to provide Plaintiff and the

7

*Fuhr v. Sprint/United Management Company*    CLASS ACTION COMPLAINT

members of the class with their statutory off–duty meal and rest periods on a timely basis;

h. Whether Defendant engaged in unfair practices and violated California Business and Professions Code § 17200 by failing to pay Plaintiff and the members of the class for all time worked, including overtime;

i. Whether Defendant maintained accurate time records of off–duty meal breaks taken by Plaintiff and members of the class in accordance with the applicable IWC Wage Order;

j. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the class that failed to include payments for missed, untimely, and/or on–duty meal periods among wages earned throughout the Class period;

k. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the class that failed to include payment for all hours worked, including overtime;

l. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the class that failed to accurately state the total hours worked, to the detriment of Plaintiff and the class;

m. Whether Defendant failed to compensate, and therefore violated Labor Code § 226.7 and the applicable Wage Order by failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of three and one–half (3 ½) hours;

n. Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiff and the members of the class for failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of three and one–half (3 ½) hours;

o. Whether Defendant violated Labor Code § 1197 due to failure to compensate

8

Plaintiff and members of the class for those acts Defendant required Plaintiff and members of the class to perform for the benefit of Defendant;

p.  Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due upon termination to all Class members who were terminated or voluntarily quit; and

q.  The nature and extent of class–wide injury and the measure of damages or restitution for the injury.

27.   **Typicality:** Plaintiff's claims are typical of the claims of the members of the class he seeks to represent because Plaintiff, as non–exempt, hourly paid store manager employed by Defendant, was exposed and subjected to the same unlawful business practices and conduct as other non–exempt, hourly paid store managers employed by Defendant during the class period. Named Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the class and are based on the same legal theories. Plaintiff and the members of the class he seeks to represent sustained the same types of damages and losses.

28.   **Adequacy:** Plaintiff is adequate representative of the class he seeks to represent because his interests do not conflict with the interests of the members of the class Plaintiff seeks to represent. There is a well–defined community of interest in the questions of law and fact affecting the class of persons that Plaintiff represents as a whole. Plaintiff retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Neither Plaintiff nor his attorneys have any interests contrary to or in conflict with the Class. The interests of the members of the class will be fairly and adequately protected by Plaintiff and her counsel.

29.   Plaintiff does not anticipate any difficulty managing this litigation.

30.   **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. Individual employees such as Plaintiff have a difficult time prosecuting

9

an individual action against large corporate employers such as Defendant. The damages suffered by each individual class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

31.  The Class should also be certified because:

a.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant;

b.  The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.  Defendant acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512, 226.7, and the applicable Wage Order)**
**(Against all defendants)**

32.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

33.    California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

34.    IWC Order No. 7-2001(11)(A) provides, in pertinent part: "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

35.    § 512(a) of the California Labor Code provides, in pertinent part: "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

36.    As alleged herein, Defendant failed to authorize and permit timely and uninterrupted meal periods during the Class Period. Plaintiff and members of the class were routinely required to work without a timely and uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence. Additionally, there was no waiver for meal periods when employees worked shifts of no more than six hours.

37.    By its actions in requiring its employees to work through meal periods and/or its failure to relieve the employees of their duties for their off–duty meal periods,

11

Defendant has violated California Labor Code §§ 226.7, 512 and § 11 of IWC Wage Order No. 7-2001, and is liable to Plaintiff and the class.

38.    As a result of the unlawful acts of Defendant, Plaintiff and the class have been deprived of timely off–duty meal periods and are entitled to recovery under Labor Code §§ 226.7(c), 512 and § 11of IWC Wage Order No. 4-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide its employees with timely statutory off–duty meal periods.

39.    Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7 and 512.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS
**(Violation of Labor Code §§ 226.7 and the applicable Wage Order)**
**(Against all defendants)**

40.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

41.    California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

42.    IWC Order No. 7-2001(12)(A) provides, in pertinent part: "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one–half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages".

43.    IWC Order No. 7-2001(12)(B) further provides: "[i]f an employer fails to

provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided".

44.    As alleged herein, Defendant failed to authorize and permit rest breaks during the Class Period. Plaintiff and members of the class were routinely required to work through rest periods at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

45.    By its actions in requiring its employees during the class period to work through rest periods and/or its failure to relieve the employees of their duties for their rest periods, Defendant violated § 12 of IWC Wage Order No. 7-2001 and California Labor Code § 226.7 and is liable to Plaintiff and the class.

46.    Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

47.    As a direct and proximate result of Defendant's unlawful action, Plaintiff and the class have been deprived of timely rest periods and/or were not paid for rest periods taken during the Class period and are entitled to recovery under Labor Code § 226.7(c) in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide employees with timely and/or paid rest periods.

48.    Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM/REGULAR WAGES
**(Violation of Labor Code § 1194, 1194. 2, 1197, 1198, and the applicable Wage Order)**
**(Against all defendants)**

49.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set

forth herein.

50. California Labor Code § 1194(a) provides, "…any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

51. Labor Code § 1197 provides, "the minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

52. Labor Code § 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

53. IWC Wage Order 7-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

54. IWC Wage Order 7-2001 § 4 provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

55. Pursuant to the IWC Wage Order, Defendant is required to pay Plaintiff, and the members of the Class, for all hours worked, meaning the time which an employee is subject to the control of the employer.

56. At all relevant times during the class period, Defendant failed to pay Plaintiff and other members of the class wages for all hours worked.

57. Defendant failed to pay Plaintiff and other members of the class for all hours worked including the time spent working before and after their shifts, while attending meetings and/or participating in telephone conference, and while on meal and rest breaks.

58. Pursuant to Labor Code § 1194.2, liquidated damages are available to

14

1    employees who file an action under Labor Code § 1194, which Plaintiff and members of

2    the class seek.

3        59.    In committing the violations of state law as herein alleged, Defendant has

4    knowingly and willfully refused to perform their obligations to compensate Plaintiff and

5    members of the class for all wages earned and all hours worked at least minimum wage.

6    As a direct result, Plaintiff and other members of the class have suffered, and continue to

7    suffer, substantial losses related to the use and enjoyment of such compensation, wages

8    and lost interest on such monies and expenses and attorney's fees in seeking to compel

9    Defendant to fully perform their obligation under state law, all to their respective damage

10   in amounts according to proof at trial and within the jurisdiction of this Court.

11       60.    Plaintiff seeks to recover in a civil action the unpaid balance of the full

12   amount of unpaid wages resulting from Defendant's minimum wage violations including

13   interest thereon, reasonable attorney's fees and costs of suit, and liquidated damages to

14   the fullest extent permissible pursuant to Labor Code §§ 1194 and 1194.2.

15                      **FOURTH CAUSE OF ACTION**

16                   **FAILURE TO PAY OVERTIME WAGES**
     **(Violation of Labor Code § 510, 1194, 1198, and the applicable Wage Order)**
17                       **(Against all defendants)**

18       61.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set

19   forth herein.

20       62.    Labor Code § 510 and the applicable Wage Order provide that employees in

21   California shall not be employed more than eight hours in any workday or forty hours in

22   a workweek unless they receive additional compensation beyond their regular wages in

23   amounts specified by law.  Specifically, Labor Code § 510(a) requires that: Any work in

24   excess of eight hours in one workday and any work in excess of 40 hours in any one

25   workweek and the first eight hours worked on the seventh day of work in any one

26   workweek shall be compensated at the rate of no less than one and one-half times the

27   regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be

28   compensated at the rate of no less than twice the regular rate of pay for an employee.

15

63.    Labor Code § 1194 establishes an employee's right to recover unpaid overtime compensation, and interest thereon, together with the costs of suit, and attorneys' fees.  Labor Code §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits unlawful.

64.    During the class period, Plaintiff and other class members have worked more than eight hours in a workday, and/or more than forty hours in a workweek.

65.    During the class period, Defendant has failed to pay Plaintiff, and other class members the overtime compensation premium for those unpaid hours they have worked in excess of the maximum hours permissible by law as required by Labor Code § 510 and 1198, and the applicable Wage Order.

66.    By virtue of Defendant's unlawful failure to pay the lawful overtime rate of compensation to the Plaintiff and other class members, Plaintiff and other class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

67.    Defendant acted and are acting intentionally and oppressively toward Plaintiff and other class members with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury. Defendant failed to pay Plaintiff and other class members for all hours worked including the time spent working through meal periods and performing off-the-clock work. To the extent this time worked exceeded eight (8) hours in a day and/or forty (40) hours in a week, Plaintiff and class members are entitled to overtime wages.

68.    Plaintiff and other class members request recovery of overtime compensation according to proof, interest, attorneys' fees, expenses, and costs pursuant to Labor Code § 1194(a), and Civil Code §§3287(b) and 3289, as well as the assessment of any statutory penalties against Defendant, in a sum as provided by the Labor Code, the applicable Wage Orders, and/or other statutes.

**FIFTH CAUSE OF ACTION**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §226)**
**(Against all defendants)**

69.     Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

70.     California Labor Code § 226(a) provides: "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee […], (3) the number of piece–rate units earned and any applicable piece rate if the employee is paid on a piece–rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, […], (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…".

71.     Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period.

72.     Plaintiff is informed, believes and thereon alleges that at all times relevant, Defendant knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiff and each Class member with timely and accurate itemized statements showing the name and address of the employer, all applicable hourly rates in effect and corresponding number of hours, and gross wages earned by Plaintiff

17
*Fuhr v. Sprint/United Management Company*    CLASS ACTION COMPLAINT

and each Class member, as required by Labor Code § 226(a), in that the premiums owed to Plaintiff and the members of the Class for untimely or interrupted meal and rest periods were not included in gross wages earned by Plaintiff and the Class.

73.    Defendant's failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on–duty meal periods, and for all hours worked. In addition, Defendant provided inaccurate information regarding hours worked, which masked its underpayment of wages to Plaintiff and the Class.

74.    As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover actual damages or penalties pursuant to § 226(e) of the Labor Code.

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE UPON TERMINATION
#### (Violation of Labor Code §§ 201-203)
#### (Against all defendants)

75.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

76.    California Labor Code §§ 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy–two hours thereafter, unless the employee has given seventy–two hours prior notice of his or her intention to quit in which case the employee is entitled to his or her wages at the time of quitting.

77.    During the Class period, Defendant willfully failed to pay Plaintiff and Class members who are no longer employed by Defendant all their earned wages, specifically,

*Fuhr v. Sprint/United Management Company*    CLASS ACTION COMPLAINT

meal and rest period premiums not paid for missed or interrupted meal and rest periods, and wages for all hours worked, either at the time of discharge or within seventy–two hours of their leaving Defendant's employ in violation of California Labor Code §§ 201, 202, and 203.

78.    Therefore, Plaintiff and members of the Class are entitled to waiting time penalties for each day that has passed that they have not received all wages owed to them, up to 30 days.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
**(Violation of California's Unfair Competition Law,
Bus. & Prof. Code § 17200 *et seq.*)
(Against all defendants)**

79.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

80.    § 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

81.    Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

82.    Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein. Defendant's unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation they earned through labor provided, and failing to otherwise compensate Class members for non-compliant meal and rest periods as alleged herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

83.    Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendant's conduct.

84.    Plaintiff and the Class seek restitutionary disgorgement from Defendant of

19

monies owed for all hours worked and for unpaid meal and rest period premiums.

85. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of himself and other similarly situated Class members previously or presently working for Defendant in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure section 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For one hour of wages due to Plaintiff and each Class member for each work period of more than three and one–half (3 ½) hours when they did not receive an uninterrupted ten (10) minute rest period for each four (4) hours or major fraction thereof worked;

C. For one hour of wages due to Plaintiff and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

D. For all minimum, straight–time and overtime wages owed to Plaintiff and each Class member for all hours worked.

E. For actual damages or statutory penalties under Labor Code § 226(e);

F. For waiting time penalties pursuant to Labor Code § 203

G. For liquidated damages pursuant to Labor Code § 1194.1

H. For restitutionary disgorgement pursuant to the UCL;

I. Prejudgment interest at the maximum legal rate;

J. Reasonable attorney's fees;

K. General, special and consequential damages, to the extent allowed by law;

1    L.  Costs of suit;

2    M. For attorneys' fees pursuant to Code of Civil Procedure §1021.5; and

3    O.  Such other equitable relief as the Court may deem just and proper.

4

5    DATED: December 17, 2019                **THE MARKHAM LAW FIRM**

6

7                                            By: s/David R. Markham

8                                                David R. Markham

9                                                Attorney for Plaintiff, Josh Fuhr
10                                               E-mail: dmarkham@markham-law.com

11

12                                               Maggie Realin
                                                 Lisa Brevard
13

14

15                              **DEMAND FOR JURY TRIAL**

16        Plaintiff demands a trial by jury for himself and the Class members on all claims so

17   triable.

18

19   DATED: December 17, 2019

20                                           **THE MARKHAM LAW FIRM**

21

22                                           By: s/David R. Markham

23                                               David R. Markham

24                                               Attorney for Plaintiff, Josh Fuhr
25                                               E-mail: dmarkham@markham-law.com

26

27                                               Maggie Realin
                                                 Lisa Brevard
28

*Fuhr v. Sprint/United Management Company*    CLASS ACTION COMPLAINT

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOSH FUHR, on behalf of himself and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff    San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Markham, Maggie Realin, Lisa Brevard. The Markham Law Firm, 750 B Street, Suite 950, San Diego, CA 92101. Tel.: (619) 399-3995

## DEFENDANTS

Sprint/United Management Company, a Kansas Corporation

County of Residence of First Listed Defendant    Kansas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**'19CV2418 LAB WVG**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
     Plaintiff
- ☐ 2  U.S. Government
     Defendant
- ☐ 3  Federal Question
     *(U.S. Government Not a Party)*
- ☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☒ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
California Labor Code sections 201-203,226,226.7,510,512,1194,1194.2,1197,1198

Brief description of cause:
Class Action for wage and labor violations. Failure to pay for all time worked and to provide meal and rest breaks

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   12/17/2019

SIGNATURE OF ATTORNEY OF RECORD   s/David R. Markham

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Reset |
|---|---|---|

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.